UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,                    Case No. 2:25-cv-00612-JLB-NPM

    Plaintiff,

v.

WILLIAM GORMAN in personal
capacity and CITY OF PUNTA GORDA,
    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendant, City of Punta Gorda ("City"), and William Gorman, in his individual capacity, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully request this Honorable Court enter an order dismissing the Plaintiff's amended complaint (Doc. 13) with prejudice.

## Background

Plaintiff, Andrew Sheets, brings another lawsuit against the City of Punta Gorda and its employees.[1] This time, Plaintiff alleges in his amended complaint "1st amendment viewpoint discrimination and retaliation, 1st amendment "free press,"

---

[1] Although Plaintiff is proceeding without a lawyer, he is no stranger to federal court. *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-JLB-KCD; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-JLB-KCD; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-JLB-KCD; *Sheets v. Pribble*, 2:25-cv-500-JLB-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC-NPM; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-JLB-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-JLB-NPM; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-NPM; *Sheets v. Angelini et. al.*, 2:25-cv-00653-SPC-NPM

and a violation of his Fourth Amendment Rights against illegal seizures; and a *Monell* claim against the City of Punta Gorda. (Doc. 13, Pg. 3 ¶ 2 (B)). Plaintiff alleges that on July 3, 2021 he was at standing on a sidewalk, and was provided a ticket by Officer Gorman for an indecent sign. (Doc. 13, Pg. 4). As plead, the complaint is untimely and insufficient as a matter of law and must be dismissed.

## Grounds for Motion

1. Plaintiff's complaint is barred by the relevant statute of limitations and equitable tolling does not apply

2. Officer Gorman is entitled to qualified immunity, as there was enforcement of a City ordinance and Plaintiff was not seized.

## Memorandum of Law

### I. Standard

To survive a motion to dismiss, a plaintiff must allege " 'sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." ' " *Chapparo v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible if a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although a court must accept a plaintiff's factual allegations as true, it must not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

*Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012). A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. *Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, *1568 (M.D. Fla. April 13, 1995).[2]

## II. Statute of Limitations

The statute of limitations in a § 1983 suit is provided by the State for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384 (2007); *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Florida, § 1983 claims are governed by the State's four-year statute of limitations. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002). The statute of limitations begins to run the moment when the facts which would support the cause of action are apparent to a reasonably prudent person. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987). In the instant case, the date Plaintiff became aware of the facts that would support his claim was July 3, 2021. (Doc. 13, Pg. 5). Therefore, Plaintiff was required to file his complaint on or before July 3, 2025. Here, Plaintiff's original complaint was filed on July 11, 2025. Since he failed to file his complaint on time, amendment is futile and this case must be dismissed as a matter of law.

---

[2] Nor should the Court allow suits that appear to be nothing more than a feud with the City or its officers masquerading as a claim. *See e.g, Morgan v. Whitt*, 611 F.Supp. 821 (S.D. Fla. June 19, 1985).

Plaintiff's "notice" to the Court (Doc. 2) does not establish equitable tolling. Plaintiff initially filed his case on the day of the deadline. *Sheets v. Gorman,* 2:25-cv-00583-SPC-KCD (Doc. 1). The Court subsequently dismissed Plaintiff's case for failure to pay the required filing fees. (*Id.* at Doc. 3). Plaintiff then refiled.

Equitable tolling is a remedy that must be used sparingly, and only in extreme cases. *See e.g., Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008).[3] In many instances, mere negligence will not justify equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *See Abram–Adams v. Citigroup, Inc.*, 491 Fed. Appx. 972, 976 (11th Cir.2012). The Eleventh Circuit recognizes that "the filing of a complaint that is later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia,* 223 Fed. Appx. 842, 845 (11th Cir.2007); *see also Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir.1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). The Eleventh Circuit has also held that the relation back doctrine does not apply to the filing of a new complaint when the original action was dismissed. *See Abram–Adams,* 491 Fed. Appx. at 975. The Eleventh Circuit has repeatedly confirmed that where a case was dismissed then refiled outside of the statute of limitations it was untimely.[4]

---

[3] It is the Plaintiff's burden to establish that tolling is appropriate. *See Abram–Adams v. Citigroup, Inc.*, 491 Fed. Appx. 972, 976 (11th Cir.2012).

[4] The Eleventh Circuit is not alone in this determination. *See e.g., Brennan v. Kulick*, 407 F.3d 603, 605-06 (3d Cir. 2005); *Goff v. United States*, 659 F.2d 560, 562 (5th Cir. 1981) (holding that "the fact that a

*See e.g., Dade County v. Rohr Industries, Inc.*, 826 F.2d 983 (11th Cir. 1987); *Abram–Adams v. Citigroup, Inc.*, 491 Fed. Appx. 972 (11th Cir. 2012). Other Florida District Courts concur. *See Dawodu v. DHL Express (USA) Inc.*, 2019 WL 13255539 (S.D. Fla. Feb. 28, 2019).

This Court should not allow equitable tolling here. As the Court noted in *Sheets v. Gorman,* 2:25-cv-00583-SPC-KCD, Plaintiff's failure to follow the rules was a "problem of [his] own making." (Doc. 6, Pg. 2). His lack of proper due diligence and/or negligence does not warrant equitable tolling and should not be rewarded. This case should be dismissed with prejudice.

### III.   Officer Gorman is Entitled to Qualified Immunity

   a. *Qualified Immunity Standard*

Assuming *arguendo* the Court does determine equitable tolling applies, and that Plaintiff has presented extraordinary circumstances[5] to justify such a reward, it does not thwart Gorman's entitlement to qualified immunity. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232, (2009) (*quoting Hunter v. Bryant*, 502 U.S. 224, 227, (1991) (per curiam)). "Although 'the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and

---

dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise binding limitations period").

[5] The Court previously noted "Plaintiff present[ed] no extraordinary circumstances warranting reconsideration." *Sheets v. Woelk*, 2:25-cv-578-SPC-NPM (Doc. 5, Pg. 2); *see also Sheets v. Gorman*, 2:25-cv-00583-SPC-KCD (Doc. 6, Pg. 2).

considered on a motion to dismiss.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 555 U.S. at 231 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need *to shield officials from harassment, distraction, and liability when they perform their duties reasonably*." *Id*. (emphasis added). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*. (internal quotation marks and citation omitted).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). Essentially, this boils down to "whether the actions are of a type that fell within the employee's job responsibilities." *Id*. (internal quotation marks and citation omitted). There are two parts to this inquiry: whether the defendant "was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Id*. (citation omitted).

Once an officer has met that burden, the burden then shifts to the Plaintiff to show 1) that the conduct violated a constitutional right and 2) the right was clearly established. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Here, Plaintiff has pled that Officer Gorman issued him a "ticket" which clearly falls within Officer Gorman's discretionary functions as a law enforcement officer.

  b. *First Amendment Claims*

"[T]he First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). To state a claim for First Amendment retaliation, a plaintiff must establish "first, that his speech or act was constitutionally protected;[6] second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011). Claims that amount to no more than a de minimis inconvenience on the exercise of First Amendment rights are insufficient. *Bennett*, 423 F.3d at 1252. But

---

[6] To the extent that Plaintiff's amended complaint suggests that his filming was protected expression, the Middle District of Florida has not recognized that filming is protected expression and recently granted qualified immunity on this issue. Officer Gorman also asserts his entitlement to qualified immunity on this issue, as it has not been clearly established that filming is protected expression. *See Patrick v. Maguire*, 2024 WL 4803217 (M.D. Fla. Nov. 15, 2024) (Courts disagree on whether video recording is expressive conduct, which implicates the freedom of expression, or non-communicative information-gathering, which implicates the freedom of access to information).

"probable cause should generally defeat a First Amendment retaliatory arrest claim." *Nieves v. Bartlett*, 587 U.S. 391, 405 (2019). Here, there was arguable probable cause for the citation as Plaintiff has pled that Officer Gorman issued the ticket pursuant to an ordinance.

Similarly, "A restriction on speech constitutes viewpoint discrimination 'when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.' " *Jackson v. McCurry*, 762 F. App'x 919, 930 (11th Cir. 2019) (*quoting Rosenberger v. Rector & Visitors of Univ. of Vir.*, 515 U.S. 819, 829 (1995)).[7] Plaintiff asserts that he was wearing a shirt that stated "fuck the police," and waived a flag that stated "fuck Joe Biden." His complaint does not state whether the shirt, sign, or both were his viewpoint. He does not state whether he possessed some alternative viewpoint, separate from his shirt and sign, that was the rationale for the ticket. Instead, Plaintiff has pled that Gorman issued him a ticket *pursuant to a City ordinance*. There was thus a viewpoint neutral reason for the ticket.

This is not the first time that this Court has dealt with a lawsuit involving the City's former ordinance (Chapter 26, Section 11.5(z)). Nor would the instant case be the first time this Court has granted qualified immunity to a Punta Gorda officer for its enforcement. *See e.g., Berry v. Smith*, 2025 WL 2193497 (M.D. Fla. July 31, 2025) (granting qualified immunity due to enforcement of existing ordinance). Plaintiff has

---

[7] Plaintiff confusedly asserts that he is "well known by all police in Punta Gorda," and that Officer "Gordon" has given him tickets for "engaging in first amendment rights." But this is irrelevant. Plaintiff must plead facts that show viewpoint discrimination for *this* event, not make conclusory statements about *previous* events.

pled that Officer Gorman issued him a citation under the City's (now nonexistent) Ordinance - Chapter 26, Section 11.5(z).[8] (*See* Doc. 13, Pg. 4). The Supreme Court has stated: "Police are charged to enforce laws until and unless they are declared unconstitutional." *Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979). So if an ordinance that was not declared unconstitutional until after an arrest … then the arresting official is entitled to qualified immunity. *Id*. at 40; *accord Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005) (finding that an officer was entitled to qualified immunity on an arrestee's Fourth Amendment § 1983 claim because the statute under which the arrest was made had not been declared unconstitutional at the time of the arrest and because reasonable public officials could have differed as to the constitutionality of the statute). At the time of Plaintiff's alleged citation, Officer Gorman was enforcing a valid ordinance and had at minimum, arguable probable cause for the ticket. He should be entitled to qualified immunity.

Plaintiff's amended complaint adds a new claim for a violation of free press. It is not clear how this generic assertion is any different than his cause of action for retaliation above. He makes no effort to distinguish between the right of free press being violated compared to any additional cause of action with distinct elements. He merely claims that he was videotaping public reactions to his protests, which he refers to as "journalism." Indeed, in the very next paragraph, he states that the citation was "retaliation" for engaging in "both protest and free press." (Doc. 13, Pg. 4, ¶(D)(5)).

---

[8] *See* Punta Gorda Code of Ordinances https://www.ci.punta-gorda.fl.us/government/city-clerk/code-of-ordinances (last visited August 11, 2025).

Defendants assert this claim should be part-and-parcel with Plaintiff's First Amendment retaliation claims.

    c. *Plaintiff was not Seized*

Courts "have categorized encounters between police and citizens into three types, with varying levels of Fourth Amendment scrutiny: "(1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." *United States v. Perez*, 443 F.3d 772, 777 (11th Cir. 2006). According to Plaintiff's amended complaint he submitted "to the show of Defendant Gorman's Authority." (Doc. 13, Pg. 5). Plaintiff also states that there was some "coercive effect of the encounter." *Id*. He does not explain what this coercive effect is. Plaintiff provides nothing other than his feelings. He does not explain what actions Gorman took, if any, to effectuate a seizure. To prevail, Plaintiff must plead more than his *subjective* feelings.

Plaintiff likely includes the above-mentioned allegations to give the impression that he was seized and echoes the language in the Supreme Court's decision in *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Under *Mendenhall*, a person has been "seized" within the meaning of the Fourth Amendment *only if*, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *Id*. (emphasis added). The *Mendenhall* test requires an "objective" analysis – not a person's *subjective* perception that his movement was restricted. *See California v. Hodari D.,* 499 U.S. 621, 628 (1991). It is a necessary, not a sufficient condition. *Id*.

Here, Plaintiff alleges that he received a ticket and vaguely alleges he "submitted to authority." This does not rise to the level sufficient to assert a claim for unlawful seizure.[9] [10] "For Fourth Amendment purposes, a seizure occurs when an officer, 'by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *Terry v. Ohio*, 392 U.S. 1, 19 n.16, (1968)). A seizure by means of a show of authority requires *both* a show of authority *and* submission to that authority. *Hodari, D.* 499 U.S. at 628-29. (emphasis added). Plaintiff has only pled half of the formula. His complaint cursorily describes *his actions*, not Gorman's. He pleads no *objective* facts that properly allege a seizure occurred. In fact, he pleads the opposite – he left the scene.

Assuming *arguendo* that the Court determines that a brief temporary seizure occurred, this does not defeat Officer Gorman's entitlement to qualified immunity. The Fourth Amendment does not prohibit a police officer, 'in appropriate circumstances and in an appropriate manner [from] approach[ing] a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest[.]'" *United States v. Jordan*, 635 F.3d 1181, 1186 (11th Cir. 2011)

---

[9] An officer that approaches an individual and identifies himself, without more, does not result in a seizure. *U.S. v. Baker*, 290 F.3d 1276, 1278 (11th Cir. 2002). The simple act of police questioning also does not constitute a seizure. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991).

[10] Nor does Plaintiff plead any factors that support a seizure as enumerated by the Eleventh Circuit in *U.S. v. Perez*, 443 F.3d 772, 778 (11th Cir. 2006). An officer's request that a person leave does not create a seizure. *See e.g., Watkins v. Ramcharan*, 775 Fed. Appx. 671, 672 (11th Cir. 2019) (affirming dismissal of complaint against officer for unlawful seizure for threatening arrest and ordering plaintiff to leave); *see also Watkins v. Joy*, 782 Fed. Appx. 892 (11th Cir. 2019); *McDonough v. Mata*, 489 F. Supp. 3d 1347, 1362 (S.D. Fla. Sept. 28, 2020) (dismissing state law false imprisonment and Fourth Amendment seizure claims because officer instructed plaintiff to leave).

(quoting *Terry*, 392 U.S. at 22). "That is, law enforcement officers may seize a suspect for a brief investigatory *Terry* stop where (1) the officers have a reasonable suspicion that the suspect was involved in, or is about to be involved in, criminal activity, and (2) the stop 'was reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.* (*quoting Terry*, 392 U.S. at 19-20, 30).

Receipt of a "ticket" for a brief period of time is akin to a *Terry* stop or traffic stop. "A relatively brief encounter," a routine traffic stop is "more analogous to a so-called '*Terry* stop' … than to a formal arrest." *Knowles v. Iowa*, 525 U.S. 113, 117 (1998). The decision to stop, or "seize" a person is reasonable when police believe someone has committed a traffic violation. *See Whren v. U.S.*, 517 U.S. 806 (1996). Other courts have applied this *Terry* stop reasoning to circumstances involving municipal ordinances similar to this case, such as a parking ticket. *See United States v. Choudhry*, 461 F.3d 1097, 1101 (9th Cir. 2006) (applying *Whren* to parking violations under California's civil administrative enforcement scheme*); see also Flores v. City of Palacios,* 381 F.3d 391, 402-03 (5th Cir. 2004); *United States v. Copeland,* 321 F.3d 582, 594 (6th Cir. 2003); *United States v. Thornton,* 197 F.3d 241, 248 (7th Cir. 1999). Officer Gorman's brief stop of the Plaintiff to issue him a ticket is akin to a *Terry* stop and thus does not sufficiently implicate the Fourth Amendment.

Finally, an officer is entitled to qualified immunity where he had even "arguable probable cause"; that is, where a reasonable officer in the same circumstances and possessing the same knowledge as he possessed could have believed that probable

cause existed. *Wilkerson v. Seymour*, 736 F.3d 974, 978 (11th Cir. 2013). This applies to a violation of municipal ordinances. *See Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that minor violation of seatbelt statute sustained an arrest). Even if an ordinance is subsequently declared unconstitutional, this does not invalidate an arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 37-38 (1979) (refusing to invalidate arrest and search because probable cause existed and officer had no reason to know, under controlling precedent, that ordinance supporting arrest would later be declared unconstitutional). As stated above, a valid ordinance existed at the time of Officer Gorman thus had arguable probable cause to temporarily detain the Plaintiff to issue him a ticket and is thus entitled to qualified immunity on Plaintiff's claims of false arrest/unlawful seizure. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010).

### IV. Monell Claims are not Clear

It is not clear what claim Plaintiff is bringing against the City. His amended complaint simply states "monell against the municipality." (Doc. 13, Pg. 3). As best as Defendants can tell, his amended complaint attempts to assert that the City's former ordinance was unconstitutional and this led to a violation of his constitutional rights. However, the ordinance is no longer "on-the-books" and so it does not make sense why Plaintiff has brought a facial claim. His assertions at this stage are merely

conclusory. Regardless, Officer Gorman's actions entitle him to qualified immunity and thus there is no liability on the part of the City. *See e.g., Sheets v. Jimenez*, 2024 WL 5090058 (M.D. Fla. Dec. 12, 2024).

## CONCLUSION

Plaintiff's claims must fail for several reasons. His complaint is untimely and outside the relevant statute of limitations. Officer Gorman's actions were pursuant to a valid City ordinance. He is thus entitled to qualified immunity. Defendants request the Court dismiss the Plaintiff's complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel and Plaintiff, Andrew Sheets, have conferred in good faith via email on the 15th day of September, 2025, regarding the relief requested herein. Mr. Sheets is opposed to the relief requested in this motion.

Respectfully submitted,

*/s/ David R. Jadon*
David R. Jadon, Esquire
Florida Bar No.: 1010249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a true and correct copy of the foregoing through a notice of electronic filing to all

parties of record, and on this 16th day of September, 2025 I served copies via e-mail upon the following non-CM/ECF participant: Andrew Bryant Sheets, Pro se, 11408 Pepperdine Street, Punta Gorda, FL 33955 at: federallawsuit4freespeech@gmail.com.

/s/ David R. Jadon
David R. Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL  32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
*Attorney for Defendants WILLIAM GORMAN in personal capacity and CITY OF PUNTA GORDA*