UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ANDREW BRYANT SHEETS**,
    Plaintiff,

v.                                                                                                         2:25-cv-612-KCD-NPM

**WILLIAM GORMAN**, *et ano*,
    Defendants.

---

**ORDER**

Pro se plaintiff Andrew Sheets requests permission to file papers via our CM/ECF system.[1] But the system contains confidential and other sensitive information, so access is generally restricted. *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida.

Even incarcerated or civilly committed pro se parties routinely litigate their matters by mail. To present a colorable request for CM/ECF access, a pro se litigant must show "extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access

---

[1] Sheets also requests that we adopt a mailbox rule. This request is inconsistent with the clerk's procedures and unduly burdensome. Our arrangement for the delivery of court-issued items to the movant by email and the provisions in the rules for motions to extend deadlines ameliorate Sheets's timing concerns.

for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"). At a minimum, this would include both financial and physical barriers that make it extraordinarily difficult to acquire postage and submit envelopes to a mail carrier, and to otherwise deliver papers to the court.

The request would need to be verified (submitted under oath) and corroborated by affidavits from medical and other sources. Moreover, the applicant would need to demonstrate the absence of misuse of the judicial system by (1) identifying every state and federal case to which he or she is or was a pro se party; and (2) discussing the absence or presence of any adverse orders in those cases that dismissed any frivolous claims, dismissed any actions for failure to prosecute or to abide by court orders, or imposed any sanctions for such conduct such as a screening procedure before items would be accepted for filing.

For failing to meet this standard, the motion for CM/ECF access (Doc. 6) is **DENIED**.

                                          **ORDERED** on September 24, 2025

                                          NICHOLAS P. MIZELL
                                          United States Magistrate Judge