UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

WILLIAM GORMAN, CITY OF PUNTA GORDA POLICE OFFICER, IN PERSONAL AND PROFESSIONAL CAPACITY; AND CITY OF PUNTA GORDA,

    Defendants.

Case No. 2:25-cv-612-KCD-NPM

/

## ORDER

Plaintiff Andrew Bryant Sheets was ticketed for allegedly "waving a FUCK JOE BIDEN flag" and wearing a "Fuck the Police shirt." (Doc. 13 at 4.)[1] He now sues the City of Punta Gorda and the officer who wrote the ticket, William Gorman, under 42 U.S.C. § 1983.[2] Defendants move to dismiss the case, claiming Plaintiff's claims are time-barred. (Doc. 16.) The Court agrees, so their motion is **GRANTED**.

Plaintiff brings claims under the First and Fourth Amendments. He alleges Officer Gorman illegally detained him and "issued [a] citation for

---

[1] Plaintiff's complaint is not consecutively paginated, so the Court cites the page numbers generated by its electronic filing system.

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

engaging in protected speech." (Doc. 13 at 5.) Plaintiff also brings a constitutional challenge against the ordinance underlying Officer Gorman's ticket. According to Plaintiff, "[t]he City of Punta Gorda had an unconstitutional sign ordinance, [which] was the moving force in the violation of [his] First Amendment rights." (*Id.*)

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008). In Florida, where Plaintiff filed this action, that limitations period is four years. *Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008).

"Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Plaintiff's claims here accrued, at the latest, on July 3, 2021, when Officer Gorman wrote the ticket under the sign ordinance. That's the date his rights were infringed, and nothing else happened thereafter. *See, e.g.*, *Williams v. Pelzer*, No. 5:24-CV-00706-HNJ, 2024 WL 5113239, at *10 (N.D. Ala. Dec. 13, 2024) ("A First Amendment retaliation claim accrues when the plaintiff discerns the retaliatory action."); *Manley v. Stube*, No. 808-CV-2165-T-17AEP, 2010 WL 935701, at *5 (M.D. Fla. Mar. 9, 2010) ("A false arrest claim accrues immediately after the unlawful arrest or

seizure[.]"); *Nance v. Comm'r, Georgia Dep't of Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023) ("The limitations period in an as-applied challenge does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.").

So Plaintiff had four years from July 3, 2021, to bring this case. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act."). He missed the deadline by eight days, filing the complaint on July 11, 2025. That makes Plaintiff's claims time-barred, and they must be dismissed. *See, e.g.*, *Merriweather v. City of Memphis*, 107 F.3d 396, 400 (6th Cir. 1997) (§ 1983 action barred because it was filed one day late); *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense[,] the existence of which warrants a dismissal as frivolous.").

Plaintiff does not deny that his claims are late. Instead, he argues the limitations period should be equitably tolled because he timely filed a prior case—*Sheets v. Gorman*, 2:25-cv-583-SPC-KCD—that was dismissed for a procedural deficiency. According to Plaintiff, "that filing preserved the cause of action." (Doc. 22 at 3.)

3

The Court disagrees. "[T]he filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Ga.*, 223 F. App'x 842, 845 (11th Cir. 2007). Nor does the new case "relate back to the filing date" of the prior complaint. *Bray v. Bank of Am., N.A.*, 763 F. App'x 808, 811 (11th Cir. 2019). "While a court may equitably toll a limitations period, the plaintiff must establish that equitable tolling is warranted" with something beyond the timely filing of an earlier case. *Mathis v. Inch*, No. 20-62310-CIV, 2021 WL 648163, at *2 (S.D. Fla. Jan. 8, 2021).

Equitable tolling is available only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). It is well-settled that "ignorance of the law does not, on its own, satisfy the constricted extraordinary circumstances test." *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007). "We have also rejected that a party's pro se status, ignorance of the judicial process, or delays in the proceedings warrant the application of equitable tolling." *Bray*, 763 F. App'x at 810.

Plaintiff has failed to demonstrate that his untimely filing was the result of extraordinary circumstances that were both beyond his control and unavoidable through diligence. Indeed, this problem is one of Plaintiff's own making. He chose to file suit on the last day of the limitations period. "A

4

plaintiff who waits until the end of a limitations period to file will generally have difficulty showing that [he] diligently pursued [his] rights if something unexpected or extraordinary comes up while [he] is trying to file at the last minute." *Winslett v. Nutribullet, LLC*, No. 19-14089-CIV, 2020 WL 3316132, at *3 (S.D. Fla. Mar. 24, 2020).

"[A] generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations." *Just. v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). "Principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Id.* Those are the facts here, and so the Court will not extend the limitations period.

Since Plaintiff's claims are time-barred and no further pleading can change that deficiency, the complaint is dismissed with prejudice. *See, e.g.*, *Lombard v. Baker*, No. 2:22-CV-328-ECM-JTA, 2023 WL 2974933, at *10 (M.D. Ala. Feb. 22, 2023). The Clerk is directed to enter judgment for Defendants, terminate any pending motions or deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on October 21, 2025.

Kyle C. Dudek
United States District Judge